# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | |
| **JOHN THOMAS BUJAK, and PEPPER RAE BUJAK,** | Bankruptcy Case No. 10-03569-JDP |
| **Debtors.** | |

_____

| | |
|---|---|
| **JEREMY GUGINO, Trustee,** | |
| **Plaintiff,** | Adv. Proceeding No. 11-6038-JDP |
| vs. | |
| **CANYON COUNTY,** *et al.*, | |
| **Defendants.** | |

_____

# MEMORANDUM OF DECISION
# RE DEFENDANT'S MOTION TO DISMISS

_____

**Appearances:**

Wyatt Johnson, ANGSTMAN, JOHNSON & ASSOC., Boise, Idaho, Attorney for Jeremy Gugino, Trustee, Plaintiff.

Noah Hillen and James Martin, MOFFATT THOMAS BARRETT ROCK & FIELDS, Boise, Idaho, Attorneys for Defendants.

MEMORANDUM OF DECISION – 1

*Introduction*

Plaintiff, chapter 7[1] trustee Jeremy Gugino ("Trustee"), filed a complaint against Defendant Canyon County ("the County") seeking to avoid and recover prebankruptcy transfers allegedly made by Debtor John Bujak to the County. Trustee's complaint alleges three claims for relief against the County founded upon the powers granted to a trustee under the Bankruptcy Code, § 547(b) to avoid preferences, and under § 548(a) and § 544(b) to avoid constructively fraudulent conveyances. Dkt. No. 1.

The County responded to Trustee's complaint with a Rule 7012(b)/Civil Rule 12(b)(6) motion to dismiss Trustee's two fraudulent conveyance claims. Dkt. No. 8. Relying upon an extension of the Supreme Court's holding in *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594 (2011) ("*Stern*"), the County argues that this Bankruptcy Court lacks the constitutional power to enter a final judgment on Trustee's fraudulent

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION – 2

conveyance claims, and as a result, the claims must be dismissed.

After briefing by the parties, Dkt. Nos. 9, 11 and 12, and a hearing on the motion, the Court concludes that the County's motion should be denied. The reasons for the Court's decision are discussed briefly below.[2]

I.

Does *Stern* compel dismissal of Trustee's fraudulent conveyance claims against the County in this action? To answer this question, understanding what the Supreme Court held in *Stern* is important.

In a 5-4 decision, the Supreme Court in *Stern* decided that, even though the proceeding was "core" under 28 U.S.C. § 157(b)(2)(C), and thus

---

[2] The Court will not attempt in this decision to add to the burgeoning number of published trial court decisions and law journal articles speculating about the impact of the Supreme Court's *Stern* decision on the ability of America's bankruptcy courts to perform the judicial tasks assigned to them by Congress. Appellate courts and academics are better suited than bankruptcy courts to supply the constitutional scholarship relating to *Stern.* Thus, the Court will only summarily address the issues raised by the County's motion, without extensive analysis or citations to cases and commentary. If the reader is interested in a more comprehensive, but imminently practical take on the bankruptcy courts' limited role in interpreting *Stern*, the Court recommends Judge Montali's decision in *Heller Ehrman LLP v. Arnold & Porter, LLP, In re Heller Ehrman LLP*, 2011 WL 4542512 (Bankr. N.D. Cal. Sept. 28, 2011).

MEMORANDUM OF DECISION – 3

Congress had given the bankruptcy court the power to resolve the matter, that court nevertheless lacked the constitutional power to finally decide a state-law counterclaim asserted by a trustee (in that case, a chapter 11 debtor-in-possession exercising the powers of a trustee under § 1107(a)) against a creditor, where that counterclaim was not so closely related to the creditor's claim that it would be adjudicated as part of ruling on the creditor's claim.

That it should require this many words to accurately recite the Supreme Court's holding in *Stern* is an indication that the holding was intended to be limited in scope, something that is confirmed repeatedly in the text of the decision.  Indeed, the Chief Justice, writing for the majority, says as much in *Stern*.  Perhaps responding to the dissent's concerns about the potential pervasive, adverse impact of its decision on the bankruptcy courts, the majority characterized its holding in *Stern* as a "narrow one", and the constitutional infirmity the Court identified in 28 U.S.C. § 157(b)(2) as limited to "one isolated respect." 131 S.Ct. at 2620.  In addition, in describing the impact of its decision, the majority predicts that the Court's

MEMORANDUM OF DECISION – 4

opinion in *Stern* should have few "practical consequences," and that the majority did "not think that the removal of [such] counterclaims . . . from core bankruptcy jurisdiction meaningfully changes the division of labor in the current statute . . . ." 131 S.Ct. at 2619-20.

Despite what the majority actually said in *Stern*, some insist that the decision foretells a jurisdictional Armageddon for the bankruptcy courts. This Court disagrees. It instead chooses to believe the Supreme Court's own assessment of the decision's impact, and discounts those who argue that the sky is falling. While the Supreme Court in the future may explain its decision, and could conceivably expand the reach of *Stern's* constitutional analysis, as a bankruptcy court, this Court need not do so. Instead of attempting to predict the future, this Court should carefully apply *Stern's* holding in its cases, and refrain from extending that holding to facts different from those in *Stern*.

## II.

Because the facts upon which this adversary proceeding is based vary markedly from those before the Supreme Court, the Court concludes

MEMORANDUM OF DECISION – 5

that the constitutional defect identified in *Stern* is of no consequence here.

Unlike in *Stern,* Trustee's complaint asserts no state law claims against the County. Trustee alleges that the Debtor transferred money and property to the County prior to the commencement of the bankruptcy case that Trustee is entitled to recover. Trustee's claims against the County are premised solely upon the substantive avoiding powers granted exclusively to a bankruptcy trustee by the Bankruptcy Code.

As the County concedes, all of the Trustee's claims against the County either "arise under" the Bankruptcy Code, or at least, "arise in" a bankruptcy case. Because of this, there is no doubt that the district court has the requisite subject-matter jurisdiction to adjudicate Trustee's claims under 28 U.S.C. § 1334(b). As authorized in 28 U.S.C. § 157(a), some twenty-seven years ago, Idaho's district court referred all bankruptcy cases, and all proceedings in bankruptcy cases, to this Bankruptcy Court for adjudication. *See* Third Amended Gen. Order No. 38, dated April 24,

MEMORANDUM OF DECISION – 6

1995.[3]  Therefore, this Court also has subject-matter jurisdiction over Trustee's action.

The County also rightly concedes that an action by a bankruptcy trustee to avoid and recover a preference or a fraudulent conveyance is a "core proceeding." 28 U.S.C. § 157(b)(2)(F) and (H).[4]  As a core proceeding, Congress has instructed the bankruptcy court to "hear and determine . . . and [to] enter appropriate orders and judgments [in the action] subject to [appellate] review under section 158 of [title 28]." 28 U.S.C. § 157(b)(1).

Despite this Congressional authorization, based upon *Stern*, the County argues that this bankruptcy court "lacks jurisdiction" to constitutionally enter a final decision as to Trustee's § 548(a) and § 544(b)

---

[3]  Of course, the district court is certainly free to withdraw the reference of a case or proceeding to the bankruptcy court, in whole or in part. 28 U.S.C. § 157(d). But for the reasons explained below, if asked, it should decline to do so in this case.

[4]  As discussed below, Trustee's claims against the County are also "core" under 28 U.S.C. § 157(b)(2)(B), because they necessarily implicate the process of allowance, or disallowance, of the County's claim as a creditor in this case under § 502(d) of the Bankruptcy Code.

MEMORANDUM OF DECISION – 7

fraudulent conveyance claims. In other words, the County contends these are "unconstitutional core proceedings." *Stern* says no such thing.

### III.

The problematic proceeding examined in *Stern* was a counterclaim founded on state tort law. Again, Trustee's fraudulent conveyance claims against the County are not based upon state law. Indeed, because Trustee's claims in this action may only be prosecuted by a bankruptcy trustee on behalf of a bankruptcy estate, and because a trustee and a bankruptcy estate are strictly creatures of the Bankruptcy Code, there would be no legal basis for this action were there no bankruptcy case.[5] Unlike in *Stern*, Trustee's claims against the County in this action stem solely from the bankruptcy case.

This analysis is not changed because § 544(b) authorizes a trustee to

---

[5] 28 U.S.C. 1334(b) confers "original, but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in . . . cases under title 11" to the district court. As a result, Trustee could presumably have elected to assert his avoiding powers by suing the County in state court. But he did not do so, and the wisdom of Trustee's decision to file this action in the district court/bankruptcy court is not subject to question in deciding the County's motion.

MEMORANDUM OF DECISION – 8

avoid a transfer that could be recovered under state law by an actual creditor of the debtor. This action is not prosecuted by one of the debtor's creditors to avoid a transfer under state law, but by a bankruptcy trustee, as the official representative of a bankruptcy estate, to avoid prebankruptcy transfers under the Bankruptcy Code. *See* § 323(a), (b) (providing that the trustee "is the representative of the estate" who in that capacity may "sue and be sued."). While a trustee's § 544(b) avoidance power is measured by "applicable law," and while in this case that applicable law would be state law, absent bankruptcy, Debtor would lack standing to pursue the claim pressed by Trustee under either § 548 or § 544(b) for the benefit of his creditors.

In challenging the bankruptcy court's power to adjudicate fraudulent conveyance actions, the County relies upon an observation in *Stern* that a § 548(a) fraudulent conveyance action implicates a "private right" for purposes of determining the target defendant's right to a jury trial. *Stern*, 131 S.Ct. at 2614. But *Stern* did not involve a trustee's

MEMORANDUM OF DECISION – 9

fraudulent conveyance avoidance claim, and the *Granfinanciera*[6] decision discussed by the majority in *Stern* did not consider the constitutional power of the bankruptcy court to adjudicate a bankruptcy trustee's claim *against a creditor*. Clearly, then, at best, the *Stern* comments about fraudulent conveyance actions are dicta in this context.

That the County has filed a creditor's proof of claim in this bankruptcy case for over $300,000 is critical.[7] Under § 502(d), notwithstanding whether Trustee or some other interested party objects to the County's proof of claim, "the [bankruptcy] court shall disallow any claim of any entity . . . that is a transferee of a transfer avoidable under section [544, 547 or 548] of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable . . . ." In other words, under the Code, because the County claims to be a creditor, as part of the process of considering

---

[6] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

[7] At the motion hearing, the County's attorney agreed, indeed requested, that the Court take judicial notice of the County's proof of claim filed in the bankruptcy case. With Trustee's consent, the Court has done so.

MEMORANDUM OF DECISION – 10

whether the County's claim should be allowed or disallowed in the bankruptcy case, the Court must first decide whether the County has received a transfer that is avoidable by Trustee under either §§ 544, 547, or 548. Consequently, resolution of Trustee's avoidance claims against the County is inextricably intertwined with the claims resolution process in the bankruptcy case.

Moreover, a close examination of the County's proof of claim, when compared against the Trustee's fraudulent conveyance claim allegations in his complaint (which the Court should accept as true in deciding a Civil Rule 12(b)(6) motion), reveals that the parties' respective claims likely represent opposite sides of the same coin. In other words, resolution of the factual issues likely raised by Trustee's complaint against the County will likely result in fact findings that will be also be critical in determining the merits of the County's creditor's claim in the bankruptcy case. This is yet another reason why this case differs from *Stern*, where resolution of the creditor's claim in the bankruptcy case required different findings and conclusions from the bankruptcy court than those needed to determine

MEMORANDUM OF DECISION – 11

whether the bankruptcy estate was entitled to recover from the creditor.

Stated simply, the facts and circumstances in this bankruptcy case resemble neither *Stern* nor *Granfinanciera*, and the lessons from those cases do not apply here.

## IV.

Even if there were a question about this Court's constitutional power to finally determine Trustee's claims against the County in this case, there is nothing in *Stern* to prevent the district court, upon any appeal from this Court's decision, from simply treating this Court's findings of fact and conclusions of law as "proposed," or as "recommendations" subject to *de novo* review. The majority in *Stern* expressly noted that the creditor in that case had not argued that bankruptcy courts are barred from hearing all counterclaims against a creditor, nor from entering proposed findings and conclusions on such matters, which could then be submitted to a district court to "finally decide" the issues. 131 S.Ct. at 2620. In fact, that is exactly the approach taken by the district court when it was asked to review the bankruptcy court's decision in *Stern*, a procedure that drew no criticism

MEMORANDUM OF DECISION – 12

from the Supreme Court.

28 U.S.C. § 157(c)(1) incorporates this same trial and determination technique for "related to," "noncore" matters in the bankruptcy court, where the relationship of the action to the bankruptcy case is more attenuated than here.  Rule 9033 provides a process for parties to object to "proposed" findings and conclusions of the bankruptcy court, and to obtain *de novo* review by the district court.  In particular, the rule authorizes the district judge to accept additional evidence, if deemed appropriate, and to "accept, reject, or modify" the proposed findings and conclusions.  However, neither the statute nor the rule requires that the district court conduct a new trial.  If such an approach is available for use by the parties and district court in a "related to" action (for example, one by a trustee against a non-creditor to recover state law damages), the district court surely has the inherent power to utilize a similar procedure in actions by a trustee against a creditor "arising  in" a bankruptcy case, or "arising under" the Bankruptcy Code.

Moreover, given the availability of this procedure, it would be a

MEMORANDUM OF DECISION – 13

truly inefficient use of the resources of the parties and courts in this type of action for the district court to withdraw the reference under 28 U.S.C. § 157(d).[8] Worse yet, there would certainly be no reason this action ought to be dismissed by the district court on appeal after a full trial and a (recommended) disposition of the issues by the Bankruptcy Court.[9]

V.

All things consider, the Court concludes that the County's motion

---

[8] *Stern* effectively prohibits the bankruptcy court from "finally" deciding certain actions. Since a bankruptcy court's conclusions of law are always subject to *de novo* review upon appeal of right to the district court, *Stern* is likely implicated only where a bankruptcy court is asked to decide disputed issues of fact. In this action, the parties may settle, or the issues may be resolved on undisputed facts, perhaps by summary judgment. As a result, even if *Stern* applies in this context (an argument which this Court respectfully rejects), there is no practical reason for the district court to intervene unless or until the action is tried and the Bankruptcy Court engages is fact-finding. Even then, the most efficient approach to assuage the County's purported right to an Article III judge, would be for the district court to simply review the bankruptcy judge's fact-findings *de novo.*

[9] Recall, the County has not challenged this Court's constitutional power to adjudicate the Trustee's § 547 preference claim, something the Court intends to do. Withdrawal of reference on the Trustee's fraudulent conveyance claims would therefore be particularly wasteful of resources since many of the facts and issues involved in resolving the preference and fraudulent conveyance claims will be the same.

MEMORANDUM OF DECISION – 14

lacks merit. Congress has decided that a bankruptcy court should hear and decide a trustee's fraudulent conveyance claims arising in a bankruptcy case, a task that is particularly well-suited to the bankruptcy court's expertise. While it may be interesting to ponder whether, some day, the Supreme Court could, perhaps, determine that bankruptcy courts may not constitutionally enter final judgments on such claims, the Court did not do so in *Stern*. Instead, the opinion in *Stern* makes clear that its holding should be limited to those cases where a state law counterclaim is asserted against a creditor, *and* where resolution of that counterclaim is not necessary to a determination of whether the creditor's claim should be allowed in the bankruptcy case.

This is not a *Stern*-type case because: 1) Trustee's fraudulent conveyance claims against the County are not based on state law, but instead, stem solely from the bankruptcy case and arise exclusively under the Bankruptcy Code; and 2) resolution of Trustee's avoidance claims is necessary to determine the allowance or disallowance of the County's creditor claim in the bankruptcy case. Moreover, if Trustee prevails, even

MEMORANDUM OF DECISION – 15

if this Court lacks the constitutional power to finally decide Trustee's § 548 and § 544(b) claims against the County, the County can always request *de novo* review of this Court's findings and conclusions by the district court. Because of this, and because this Court has the unchallenged power to adjudicate Trustee's preference claim against the County, this is not an appropriate situation for withdrawal of reference by the district court.

    The County's motion to dismiss will be denied by separate order.

Dated: November 3, 2011

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 16