UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re:<br>JOHN THOMAS BUJAK, and<br>PEPPER RAE BUJAK,<br><br>Debtors. | Bankruptcy Case<br>10-03569-JDP |
| JEREMY GUGINO, TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>CANYON COUNTY, et al.,<br><br>Defendants. | Adv. Proceeding<br>No. 11-06038-JDP |

_____

MEMORANDUM OF DECISION AND ORDER
DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

_____

MEMORANDUM OF DECISION AND ORDER - 1

On July 17, 2012, the Court conducted a hearing on the Motion for Summary Judgment filed herein by Plaintiff Jeremy Gugino, chapter 7[1] Trustee ("Plaintiff").  Dkt. No. 21.  In the motion, Plaintiff asks that the Court award him a partial summary judgment on two preference avoidance claims he asserts against Defendant Canyon County ("Defendant").  Plaintiff alleges the preferential payments were made by Debtor John Bujak ("Debtor") within ninety days of filing his bankruptcy petition, and total $171,000.

After due consideration of the record and submissions by the parties, the oral argument presented, as well as the applicable law, the Court has decided that the Motion must be denied for the following reasons.

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, or to the Federal Rules of Civil Procedure, Civil Rules 1–86.

**MEMORANDUM OF DECISION AND ORDER** - 2

*Applicable Law*

1.   **Summary Judgment**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Civil Rule 56(a), as incorporated for application in bankruptcy adversary proceedings by Rule 7056. The Court does not weigh evidence in resolving such motions, but rather, determines only whether a material factual dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *Jones v. State Farm Mut. Auto Ins. Co. (In re Jones)*, 401 B.R. 456, 460 (Bankr. D. Idaho 2009).

A dispute of fact is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party and a fact is "material" if it might affect the outcome of the case. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)); *In re Jones*, 401 B.R. at 460. The initial

**MEMORANDUM OF DECISION AND ORDER** - 3

burden of showing there is no genuine issue of material fact rests on the moving party. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998); *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000). If the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

2.  **Preference Law**

Section 547(b) provides that, in certain circumstances, a trustee may avoid a transfer of a debtor's property made to a creditor shortly before the commencement of the bankruptcy case. In particular, the Code provides that:

> (b) [T]he trustee may avoid any transfer of an *interest of the debtor in property*—
>
>> (1) to or for the benefit of a creditor;
>> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>> (3) made while the debtor was insolvent;

**MEMORANDUM OF DECISION AND ORDER** - 4

>    (4) made—
>        (A) on or within 90 days before the date of the filing of the petition; or
>        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>    (5) that enables such creditor to receive more than such creditor would receive if—
>        (A) the case were a case under chapter 7 of this title;
>        (B) the transfer had not been made; and
>        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

§ 547(b) (emphasis added).

The Code does not define "property of the debtor" for purposes of § 547(b). In the Ninth Circuit, however, it is generally viewed as property that, if transferred pursuant to § 547, will deprive the bankruptcy estate of something that could otherwise be used to satisfy creditors' claims. *Rainsdon v. Farson (In re Farson)*, 387 B.R. 784, 790 (Bankr. D. Idaho 2008) (quoting *Danning v. Bozek (In re Bullion Reserve of North Am.)*, 836 F.2d 1214,

**MEMORANDUM OF DECISION AND ORDER** - 5

1217 (9th Cir. 1988)).  A bankruptcy estate may take no greater interest in property than the interest held by the debtor.  *State of Cal. v. Farmers Markets, Inc. (In re Farmers Markets, Inc.)*, 792 F.2d 1400, 1403 (9th Cir. 1986).  Under normal circumstances, then, a transfer of cash from the debtor to a creditor will qualify as "property of the debtor" for purposes of preference avoidance.

However, when property is held by a debtor in trust for a beneficiary, the trust property belongs to the beneficiary, and not the debtor, and it does not become part of the debtor's bankruptcy estate.  *Begier v. I.R.S.*, 496 U.S. 53, 58–59 (1990); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.10 (1983); *Sherman v. Sec. and Exch. Comm'n (In re Sherman)*, 658 F.3d 1009, 1022–23 (9th Cir. 2011) (indicating that trust property is not property of the estate because it is not available for creditors); *Mitsui Mfrs. Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.)*, 13 F.3d 321, 324 (9th Cir. 1994); *Elliott v. Bumb*, 356 F.2d

**MEMORANDUM OF DECISION AND ORDER**  - 6

749, 753 (9th Cir. 1966); *Cutter, 2nd Inter Vivos Trust v. Seror (In re Cutter)*, 398 B.R. 6, 19 (9th Cir. BAP 2008).

The so-called "dominion and control" test is often used to determine if a debtor is a trust beneficiary, and, if he is, whether his beneficiary interest is protected from his creditors by a valid spendthrift provision. *See, e.g., John Hancock Mut. Life Ins. Co. v. Watson (In re Kincaid)*, 917 F.2d 1162, 1167 (9th Cir. 1990); *S. Cal. Permanente Med. Group v. Ehrenberg (In re Moses)*, 215 B.R. 27, 36 (9th Cir. BAP 1997); *Kaplan v. Primerit Bank (In re Kaplan)*, 97 B.R. 572, 577 (9th Cir. BAP 1989); *Kloos v. Dias (In re Dias)*, 37 B.R. 584, 586–87 (Bankr. D. Idaho 1984). Other cases have looked at a party's dominion over property to determine whether the party is a transferee, *i.e.*, to determine whether the party received an ownership in interest in the property as the result of a transfer (not looking at whether the party had an interest in the property that would come into a bankruptcy estate). *See, e.g., Universal Serv. Admin. Co. v. Post-Confirmation Comm. of Unsecured Creditors of Incomnet Commc'ns Corp. (In re Incomnet,*

**MEMORANDUM OF DECISION AND ORDER** - 7

*Inc.)*, 463 F.3d 1064, 1070 (9th Cir. 2006) (identifying a transferee as one who "has dominion over the money or other asset, the right to put the money to one's own purposes . . . [t]he inquiry focuses on whether an entity had legal authority over the money and the right to use the money however it wished."); *Hoskins v. Citigroup, Inc. (In re Viola)*, 469 B.R. 1, 5–6 (9th Cir. BAP 2012) (comparing the "dominion" test and the "control" test, and indicating that, in the Ninth Circuit, courts are to follow the dominion test in determining whether a party is a transferee).

In this case, before the Court may decide, as a matter of law, whether the alleged preferential payments were made with funds which were property of the debtor, the Court must first determine whether the funds were held in trust for Defendants.

### 3. Idaho Trust Law

To determine whether a trust exists in a federal bankruptcy proceeding, the Court looks to state law. *Butner v. United States*, 400 U.S.

**MEMORANDUM OF DECISION AND ORDER** - 8

48, 55 (1979); *In re Bullion Reserve of N. Am.*, 836 F.2d 1214, 1217–18 (9th Cir. 1988); *In re Woods*, 386 B.R. 758, 761 (Bankr. D. Idaho 2008).

In Idaho, "[t]he essential characteristics of a trust are the separation of the legal from the beneficial interest and the existence of a fiduciary relationship." *In re Eggan's Estate*, 386 P.2d 563, 568–69 (Idaho 1963). A trustee holds legal title to trust property, subject to the trust beneficiaries' equitable interests. *In re Thompson*, 454 B.R. 486, 492 (Bankr. D. Idaho 2011) (citing *Indian Springs LLC v. Indian Springs Land Inv.*, LLC, 215 P.3d 457, 465 (Idaho 2009)).

Importantly, the party asserting the existence of a trust has the burden of proving the existence of the trust by *clear and satisfactory, or clear and convincing evidence. Vaughan v. First Fed. Sav. & Loan Ass'n*, 378 P.2d 820 (Idaho 1963) (emphasis added).

    A. Express Trusts

In Idaho, an express trust may be established by the oral or written expression of the parties. *Estate of Hull v. Williams*, 885 P.2d 1153, 1159

**MEMORANDUM OF DECISION AND ORDER** - 9

(Idaho Ct. App. 1994).  An express trust is only created if the purported trust settlor properly manifests an intention to create a trust.  No particular words or conduct are required, but the settlor must evidence his intention that, upon transferring the property to the trustee, the trustee is to hold the property for the benefit of a third party beneficiary.  *Garner v. Andreasen*, 527 P.2d 1264, 1266 (Idaho 1974).  While no specific words are required, the creation of an express trust requires some expression that establishes, with certainty, the property to be subjected to the trust and the identity of the beneficiaries.  The expression must also identify a trustee's fiduciary duties, and establish the manner in which the trust property is to be administered and used.  *Bliss v. Bliss*, 119 P. 451, 454 (Idaho 1911).  There must be at least one designated beneficiary for whom the trustee is to administer the property.  *Hill v. Hill*, 102 P.3d 1131, 1134–35 (Idaho 2004).

    An agency relationship may appear similar to a trust.  A court, however, looks to an agreement's language; if it refers to an "agent," not a

**MEMORANDUM OF DECISION AND ORDER** - 10

"trustee," an agency relationship, and not a trust, was intended by the parties. *DBSI/TRI V v. Bender*, 948 P.2d 151, 163–64 (Idaho 1997).

   B. Resulting Trusts

In Idaho, a resulting trust arises in two common circumstances: (1) where one party, the trustee, receives title to property even though the purchase price for the property was paid by another party, the beneficiary; and (2) where property's legal title is transferred by gift or devise, and the transferor intends that the donee or devisee hold legal title as a trustee for a third party beneficiary to enjoy the property's beneficial interest. *Hettinga v. Sybrandy*, 886 P.2d 772, 774–75 (Idaho 1994.) A party claiming to be a beneficiary of a resulting trust must generally show, by clear, cogent, and convincing evidence, the underlying facts necessary to give rise to a resulting trust. A resulting trust arises in Idaho only where the trust may reasonably be presumed to be the parties' intention, as determined from the facts and circumstances existing at the time of the transaction. *Erb v. Kohnke*, 824 P.2d 903, 910 (Idaho Ct. App. 1992).

**MEMORANDUM OF DECISION AND ORDER** - 11

"[T]he whole doctrine of resulting trusts is founded upon the principle of a presumed intention to create a trust." *Shurrum v. Watts*, 324 P.2d 380–385–86 (Idaho 1958) (quoting *Creasman v. Boyle*, 196 P.2d 835, 840 (Wash. 1948)).  A resulting trust arises by implication of law, and is used to enforce the parties' presumed intent to create a trust. *In re Woods*, 386 B.R. at 763 n.9.

### C.  Limitations on Trusts

Even if property is held within a some sort of trust, if a debtor-trustee fraudulently obtains that property, or converts, embezzles, or otherwise unlawfully takes the property, the property is considered part of the bankruptcy estate, and can only be claimed from the bankruptcy estate if definitely traced by the beneficiary.  Any attempted repayment by the debtor to the trust or beneficiary to replace the wrongfully retained property is viewed as a preference unless the repayment is shown to be made "from the very property taken." *First Fed. of Mich. v. Barrow*, 878 F.2d 912, 916–17 (6th Cir. 1989); *Morris Plan Indus. Bank of N.Y. v. Schorn*,

**MEMORANDUM OF DECISION AND ORDER** - 12

135 F.2d 538, 539–40 (2d Cir. 1943).  A party in a bankruptcy proceeding that alleges it is a beneficiary under a trust must prove not only the existence of a trust, but also that he has rights to the property.  The party must clearly identify to the bankruptcy court the trust funds and sufficiently trace those funds.  *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 401–02 (4th Cir. 1992).  Even if a trust is created, a creditor still has a duty under federal bankruptcy law to trace the funds that were to be held for him in trust to the property he received as an alleged beneficiary. "Such a tracing requirement is necessary to further the Bankruptcy Code's policy of equal distribution among similarly situated creditors." *In re Bullion Reserve of N. Am.*, 836 F.2d at 1218.  If the property cannot be traced, it is property of the debtor under § 547.  *Id*.

      Where an alleged beneficiary is paid with funds that have been commingled, there is a "strict tracing standard," which requires the beneficiary to trace alleged trust property specifically and directly back to property he claims was his under the trust.  "If [the beneficiary] fails to

**MEMORANDUM OF DECISION AND ORDER** - 13

trace the funds, we must presume that the funds constitute an interest of the debtor in property." *See Taylor Assocs. v. Diamant (In re Advent Mgmt. Corp.)*, 104 F.3d 293, 296 (9th Cir. 1997) (quoting *In re Bullion Reserve of N. Am.*, 836 F.2d at 1217, which it interpreted as standing for the proposition that "funds from commingled bank account controlled by debtor presumptively constitute property of debtor's estate") (internal quotations omitted)). *See also Cassirer v. Herskowitz (In re Schick)*, 234 B.R. 337, 343 (Bankr. S.D.N.Y. 1999) ("The funds in a commingled account maintained in the debtor's name may be used to pay his unsecured creditors unless a beneficiary can trace his or her superior right in the funds. Thus, the law implies the element of 'control' in the absence of tracing. Accordingly, the bankruptcy trustee carries her burden of proving that the account was property of the debtor by showing that the debtor had legal title to the account, and the account consists of commingled trust and personal funds.").

**MEMORANDUM OF DECISION AND ORDER** - 14

*Analysis and Disposition*

Plaintiff alleges that Defendant received two avoidable transfers. In his motion, Plaintiff asks the Court to enter a partial summary judgment against Defendant as to those two claims.

Most of the facts necessary to dispose of the motion are indeed undisputed. Debtor made two different transfers to Defendant within the ninety days before he filed for bankruptcy, totaling $171,000. By receipt of the transfers, Defendant has obviously received more on account of its potential unsecured creditor claim against Debtor than had the transfers not been made and Defendant was required to instead participate in distributions to creditors as part of the bankruptcy case.

However, there is at least one critical factual issue to be decided in connection with Plaintiff's preference claims against Defendant: did the monies transferred to Defendant by Debtor, targeted by Plaintiff for recovery, constitute "property of the debtor" for purpose of avoidance as a preference under § 547(b)?

**MEMORANDUM OF DECISION AND ORDER** - 15

Defendant claims the funds, paid to Defendant by Debtor from his bank accounts, came from funds he held for Defendant in trust that he received as proceeds from the City of Nampa under an amended attorney representation agreement. Under these facts, and the law discussed above, there are facts to support Plaintiff's claims that the transfers may be avoided. While Defendant disputes it, it appears Debtor had control over the subject funds so as to render the funds in the account his property for preference purposes. Indeed, it was Defendant who made the decision to make the payments to Defendant from these bank accounts. Because Debtor had the unilateral ability to control disposition of those funds, Plaintiff has arguably established a *prima facie* case for avoidance of the payments to Defendants as preferences under § 547(b).

Despite these facts, Defendant claims the payments it received from Debtor came from funds in Debtor's bank accounts the were held in trust for the benefit of Defendant. To establish this, and in order to defeat Plaintiff's avoidance claims, under applicable federal bankruptcy and

**MEMORANDUM OF DECISION AND ORDER** - 16

Idaho law, Defendant will have prove by clear and convincing evidence that the funds it received from Debtor were indeed trust funds. From a review of the record, this may be a daunting task for Defendant, since the nature of the relationship between Defendant, Debtor, and the City of Nampa, as revealed by the relevant documentary evidence, is somewhat equivocal.[2] Whether a trust existed is also unclear factually when other circumstances are considered, such as the communications, conduct, and actions of the parties. Some facts offered by Defendant tend to support the notion that Debtor acted as a trustee for Defendant in his dealings with the City of Nampa, while other facts suggest that perhaps some other type of business relationship, maybe an agency, was intended. Simply put, proving that it was the intent of the parties to establish a trust will be a hotly disputed fact question at a trial.

---

[2] This is especially true since Defendant was not a party to the amended representation agreement which supposedly defines the relationship between Debtor and the City of Nampa, and under which the funds in question were paid to Debtor, and which Defendant argues were the source of the monies paid by Debtor to Defendant.

**MEMORANDUM OF DECISION AND ORDER** - 17

Even if it can be shown that some sort of trust existed, Defendant may face additional factual challenges in tracing all of the funds it received from Debtor to the alleged "trust funds," since some of those funds were commingled with other monies in Debtor's bank accounts.  Moreover, as Defendant is alleging that Debtor embezzled or misappropriated some or all of the funds in question from the accounts, if such is correct, even if Debtor used some or all of those funds to repay the trust or Defendant, the transfers may still constitute a preference.[3]

In summary, Plaintiff's claims for preference avoidance against Defendant are potentially formidable.  However, there are facts in the record which may show the transfers in question from Debtor to

---

[3] Plaintiff asks that the Court invoke the doctrine of judicial estoppel to prevent Defendant from arguing that the funds it received from Debtor were trust funds.  The Court declines to exercise its discretion to do so on this record.  It is unclear and equivocal at best whether Defendant (as opposed to the City of Nampa) took an inconsistent position in the state court litigation.  Moreover, because of the allegation that Debtor may have been involved in fraud in connection with his relationship with Defendant, the Court deems it inappropriate to foreclose Defendant's trust arguments based on equity.

**MEMORANDUM OF DECISION AND ORDER** - 18

Defendant involved trust funds.  Because genuine issues of material fact remain concerning whether the $171,000 transferred to Defendant by Debtor constituted "property of the debtor," and because the Court may not weigh the evidence, nor make disputed fact-findings at this stage of the litigation, Plaintiff is not entitled to a summary judgment on his avoidance claims, and a trial will be required.

*Order*

For these reasons, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Summary Judgment, Dkt. No. 21, be and is hereby **DENIED.** As previously announced, if this action is not settled,[4] the Court will conduct a continued Pretrial Conference with the parties on September 6, 2012 at 9:00 a.m.

---

[4] As the Court has indicated to counsel and the parties on several occasions, this action should be compromised.  Further proceedings, including a trial, will be expensive and time-consuming for all involved.   Indeed, the eventual cost of this litigation may exceed all amounts reasonably in controversy. It would seem that the interests of the constituencies of both Plaintiff and Defendant would be best served by a reasonable, negotiated resolution.

**MEMORANDUM OF DECISION AND ORDER** - 19

Dated: August 8, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

**MEMORANDUM OF DECISION AND ORDER** - 20